UNITED STATES DISTRICT COURT
OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| JA'NISSA WALKER  Plaintiff,  v.  WISE STAFFING GROUP  Defendant. | ) ) ) ) ) ) ) ) ) ) ) )   JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff JANISSA WALKER ("Plaintiff"), through undersigned counsel, and files this complaint for damages against WISE STAFFING GROUP ("Defendant"), and for her Complaint shows the following:

### I.    Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendant's violation of the Civil Rights Act of 1991, 42 U.S.C. § 1981, *et. seq.* ("Section 1981"), and Section 41-15-510

Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant does business in and is engaged in commerce in the State of South Carolina. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

## II.   Parties and Facts

5.

Plaintiff is an African American female citizen of the United States of America and is subject to the jurisdiction of this Court.

6.

At all times relevant Defendant was qualified and licensed to do business in South Carolina and at all times material hereto has conducted business within this District.

7.

Defendant may be served with process at its regional corporate office at the following address: 3044 Charleston Highway West Columbia, SC 29172.

8.

Plaintiff became employed at the Company as a Business Development Manager on November 13, 2023.

9.

Plaintiff states that the trainer used the "N" word a few times and she also received racist comments.

10.

Within a couple of days, Ms. Walker reported the situation to Human Resources, and they told her that the trainer will be removed.

11.

Within one week of her complaints, Ms. Walker was terminated. On the day of her termination, her supervisor told her that her termination, "Would be best for both parties." She later received a separation notice stating the reason for her termination was because, "lack of work."

12.

Prior to her termination, Ms. Walker had not been reprimanded or formally notified of any performance issues.

## COUNTS 1 & 2
## RACE DISCRIMINATION AND RETALIATION IN VIOLATION OF 42 U.S.C. § 1981 AND SOUTH CAROLINA'S SECTION 41-15-510.

13.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

14.

Defendant subjected Plaintiff to discrimination on the basis of her race.

15.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981 and 41-15-510.

16.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of his race.

17.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected her psychological and physical well being.

18.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to her emotional health, and has lost back pay and front pay.

19.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

20.

Defendant retaliated against Plaintiff when she engaged in the protected activity of complaining about said race discrimination and a hostile work environment also in violation of both Acts.

21.

Defendant terminated Plaintiff for engaging in protected activity in violation of the Act.

22.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation against Plaintiff under both Acts.

23.

As a direct, natural, proximate and foreseeable result of Defendant's retaliation, Plaintiff has suffered past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

24.

Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to federal law.

25.

Plaintiff, having been discriminated and retaliated against by Defendant, has suffered irreparable harm for which there is no plain, adequate or complete remedy at law.

**WHEREFORE**, Plaintiff judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condemnation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant, from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

Respectfully submitted the 23rd day of January, 2024.

/s/ Dylan A. Bess
**DYLAN A. BESS, ESQ. (SC BAR NO. 101648)**
**MORGAN & MORGAN, ATLANTA PLLC**
P.O. Box 57007
Atlanta, GA  30343-1007
(404) 965-1886
dmendizabal@forthepeople.com.
*Attorney for Plaintiff*